FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2015 FEB 23  PM 3 38

STEPHAN HARRIS, CLERK
CHEYENNE

John M. Kuker, #6-3451
Scott A. Homar, #6-3092
Jeffrey M. Boldt, #7-4730
THE KUKER GROUP LLP
Attorneys-at-Law
2122 Warren Avenue
Cheyenne, Wyoming 82001
307.274-4444 telephone
307.274-4443 facsimile
Email: www. kukergroup.com
*Attorneys for Plaintiffs*

## IN THE UNITED STATE DISTRICT COURT FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **KEVIN ROTHSCHILD**<br>P.O. Box 2245<br>Fort Collins, CO 08522<br><br>and<br><br>**SUSAN ROTHSCHILD**<br>P.O. Box 2245<br>Fort Collins, CO 08522<br><br>and<br><br>**BULLS BEND RANCH, LLLP**<br>24 Bulls Bend Road<br>Glendo, Wyoming 82213<br><br>Plaintiffs,<br><br>v.<br><br>**THE UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF DEFENSE, DEPARTMENT OF THE ARMY, JOHN MCHUGH, Secretary of the U.S. Army, in his official capacity,**<br>*Serve*: Christopher A. Crofts | Case No.: 15 CV 30<br><br>Judge: Johnson<br><br>**COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT** |

    United States Attorney for the District )
    of Wyoming )
    J.C. O'Mahoney Federal Courthouse )
    2120 Capitol Avenue, )
    Suite 4000 )
    Cheyenne, WY 82001, )
     )
and )
     )
**UNITED STATES ATTORNEY** )
**GENERAL ERIC HOLDER, in his Official** )
**Capacity** )
*Serve*: U.S. Department of Justice )
   950 Pennsylvania Avenue, NW )
   Washington, DC 20530-0001 )
     )
and )
     )
**UNITED STATES ATTORNEY FOR** )
**THE DISTRICT OF WYOMING** )
Serve: Christopher A. Crofts )
   United States Attorney's Office )
   J.C. O'Mahoney Federal Courthouse )
   2120 Capitol Avenue, Suite 4000 )
   Cheyenne, WY 82001 )
     )
and )
     )
**COLORADO ARMY NATIONAL** )
**GUARD,** )
6848 S. Revere Parkway )
Centennial, Colorado 80112 )
*Serve*: John F. Walsh )
   United States Attorney for the District )
   of Colorado )
   1225 17th Street )
   Suite 700 )
   Denver, Colorado 80202, )
     )
and )

**WYOMING MILITARY DEPARTMENT**  )
5410 Bishop Boulevard  )
Cheyenne, Wyoming 82009-3320  )
*Serve*: Commander, Wyoming Military  )
      Department  )
      5410 Bishop Boulevard  )
      Cheyenne, Wyoming 82009-3320  )
)
and  )
)
)
**JOHN HICKENLOOPER, GOVERNOR**  )
**OF THE STATE OF COLORADO, in his**  )
**Official Capacity**  )
*Serve*: Office of the Attorney General  )
      Ralph L. Carr Colorado Judicial Center  )
      1300 Broadway, 10th Floor  )
      Denver, CO 80203  )
)
and  )
)
**DEPARTMENT OF ARMY**  )
**HEADQUARTERS 4TH INFANTRY**  )
**DIVISION AND FORT CARSON**  )
**OFFICE OF THE STATE JUDGE**  )
**ADVOCATE**  )
c/o Benjamin Kinsley  )
Chief of Claims Division  )
1633 Mekong Street  )
Building 6222  )
Fort Carson, Colorado 80913-4361  )
)
Also Serve:  )
)
**LTC (P) LARSS CELTNIK, CHIEF OF**  )
**THE TORT CLAIMS DIVISION**  )
**U.S. ARMY CLAIMS SERVICE**  )
**OFFICE OF THE JUDGE**  )
  **ADVOCATE GENERAL**  )
)

3

| | |
|---|---|
| 4411 Llewellyn Avenue | ) |
| Suite 5360 | ) |
| Fort George G. Meade, MD 20755-5125 | ) |
| | ) |
| and | ) |
| | ) |
| **DEFENDANTS JOHN DOE(S)** | ) |
| **NATIONAL GUARDSMEN 1-100** | ) |
| **(Members of the Colorado National Guard** | ) |
| **and/or Members of the U.S. Military)** | ) |
| | ) |
| Defendants. | ) |

COME NOW the Plaintiffs, Kevin Rothschild and Susan Rothschild, and Bulls Bend Ranch, LLLP, by and through undersigned counsel, and hereby bring their claim for damages against the United States of America, Department of Defense, Department of the Army, United States Attorney General Eric Holder, United States Attorney for the District of Wyoming, Colorado National Guard, Wyoming Military Department, John Hickenlooper, Governor of the State of Colorado, Department of Army Headquarters 4th Infantry Division and Fort Carson Office of the State Judge Advocate, and John Does National Guardsmen 1-100, and in support of their cause, hereby state and aver as follows:

## JURISDICTION AND VENUE

1. Plaintiffs are the owners of a five thousand (5,000) acre ranch located in Platte County, Wyoming, and as of the summer of 2012, they had owned the property for not less than

twenty (20) years. The legal description of Plaintiff's Platte County, Wyoming ranch is set forth in "Exhibit A" which is incorporated herein by reference.

2. Plaintiff Bulls Bend Ranch, LLLP is a limited partnership organized and existing under the laws of the State of Wyoming.

3. Plaintiffs Kevin Rothschild and Susan Rothschild are individuals, and are general partners of Bulls Bend Ranch, LLLP, and are also the designated title holders of the real estate described in "Exhibit A".

4. Kevin and Susan Rothschild were citizens of the State of Colorado, and currently Kevin Rothschild resides in Wyoming at the ranch on a fulltime basis.

5. Defendants are the United States Government, a United States Governmental Agency, the Colorado National Guard, and numerous members of the Colorado National Guard, and the Department of the Army who are named as "John Does".

6. This claim arises out of the Federal Tort Claims Act, 28 U.S.C. § 2671, the Fifth Amendment to the United States Constitution, and 28 U.S.C. §§ 1331 and 1346(b), and certain actions of the Defendants which damaged Plaintiff's property causing Plaintiffs to suffer monetary and other damages as set forth herein.

7. As more than six (6) months have elapsed from the date of Plaintiffs' submission of their claim to the appropriate governmental officials, all conditions precedent to a claim under the Federal Tort Claims Act have been met.

8. Venue is properly within this District under 28 U.S.C. § 1402(b) as the acts complained of occurred within the District of Wyoming.

9. The Colorado National Guard is an agency of the United States government and the State of Colorado to the extent it controls the Colorado National Guard.

## FACTS

10. The United States of America, the Department of Defense, and Department of the Army operate a camp in Platte County, Wyoming (about 100 miles north of Cheyenne, Wyoming) known as Camp Guernsey.

11. During the summer of 2012 and particularly, on or about July 15, 2012, the Colorado National Guard was authorized by the U.S. Army to train at Camp Guernsey. The Colorado National Guard was under the supervision of the Department of the Army of the United States Government.

12. Due to an extreme draught, during June and July of 2012, the County Commissioners of Platte County, Wyoming banned all fires and other activities which could cause fires. A copy of the Platte County Commissioners' ban is attached hereto as "Exhibit B."

13. As part of their July 15, 2013, training exercises, and in direct violation of the burning ban, Colorado National Guard, the Department of the Army, and John Does used explosives and live ammunitions and started one or more fires at Camp Guernsey and on surrounding real estate including Plaintiffs' 5,000 acre ranch.

14. Contrary to the instructions from the County Commissioners, the Colorado National Guard and the John Does through the U.S. Department of the Army started fires that spread to the Plaintiffs' ranch, burning more than one thousand (1,000) acres of prime timberland and burning and permanently destroying more than one thousand (1,000) acres of prime grazing land.

15. The Defendants collectively knew of the risk and danger in using live ammunition and explosives in an area that was prone to be dry, yet they proceeded to use explosives and other fire causing materials that ignited a substantial fire, which caused damage to the property of Plaintiffs. The Defendants were further negligent, irresponsible, reckless, and acted without regard for plaintiff's property by not having any fire extinguishing equipment or other controls in place to control and minimize the risk of fire from their activities.

16. As the result of the wrongful activities of the Defendants, the following has occurred:

   a. there were dead carcasses rotting throughout Bulls Bends Ranch;

   b. There were many dead fish in the streams and river;

   c. The wildlife habitat has been extremely harmed and substantially destroyed;

   d. the burned standing timber is an ugly eyesore and reminder of the wrongful activities of the Defendants;

   e. Erosion has occurred with silt and ash flowing into the beautiful streams on Plaintiffs' property; and

  f. There has been a total loss of serenity, enjoyment of serenity and nature's beauty.

17. This was not the first fire caused by training exercises at Camp Guernsey. In 2006 a substantial fire known as the "Tracer Fire" occurred when the National Guard was firing live rounds into dry grass on a windy day that destroyed more than thirteen Thousand (13,000) acres of grazing and timberland. The fire killed thousands of healthy trees. The only conclusion that can be reached is that the training procedures with the National Guard and the Department of the Army have been shoddy, neglectful, and poorly supervised.

18. Defendants collectively were negligent, careless, reckless, and had a disregard for the property rights of the Plaintiffs, causing damage well in excess of Six Million Seven Hundred Ninety Three Thousand Dollars ($6,793,000.00) to the property owned by the Plaintiffs.

## FIRST CAUSE OF ACTION
### Claim Number One

19. Plaintiffs adopt all of the statements and allegations contained in the foregoing paragraphs as though fully rewritten herein.

20. Plaintiffs timely filed a separate claim, separate and apart from the claim for damage to the timber and the grazing land, for loss of livestock, which bears Claim No. 13-061-TO58, for which damages are sought in excess of One Hundred Nineteen Thousand, One Hundred Fifty-Six Dollars ($119,156.00) plus interest from the date of the occurrence.

21. Plaintiffs received correspondence from the Defendants indicating that the claim for One Hundred Nineteen Thousand, One Hundred Fifty-Six Dollars ($119,156.00) would be

held in abeyance because it was a claim for personalty until such time as a claim for the real property damage was filed with the U.S. Government. Both claims have been properly filed in accordance with the Federal Tort Claims Act and are ripe for adjudication on dollar damages.

## SECOND CAUSE OF ACTION
### Claim Number Two

22. Plaintiffs adopt all of the statements and allegations contained in the foregoing paragraphs as though fully rewritten herein.

23. Plaintiffs made a claim under the Federal Tort Claims Act within the two (2) year statutory time period, a true and complete copy of said claim with appraisals, restoration costs, and other damages is attached hereto as "Exhibit C" and is incorporated herein by reference.

24. In addition to serving the Department of the Army and the Colorado National Guard, on June 10, 2014, Plaintiffs also served their claim upon the United States Attorney General in Washington, D.C.

25. Defendants acknowledged said claim on or about June 18, 2014.

26. Plaintiffs further state that the Department of the Army and other Defendants negligently, carelessly, recklessly, caused a fire on the Plaintiffs' property causing damage in excess of Six Million Seven Hundred Seventy-Three Thousand Seven Hundred Three Dollars ($6,773,703.00) to land, grazing land, and timber growing thereon.

27. Pursuant to the Federal Tort Claims Act, Plaintiffs have given Defendants more than six (6) months in which to respond to the claim. 28 USC §2675 allows the property owner (Claimant) to file a lawsuit after six (6) months with no response from the government

(Defendant). Although many other claims caused by the same fire attributable to the U.S. Army and the Colorado National Guard and the John Does have been settled, Defendants have made no effort to settle Plaintiffs' claims. Moreover, on information and belief, the person in charge of the claims is no longer involved in that position so the claim may be sitting dormant on someone's desk.

28.  Since the statutory six (6) month time period has expired, Plaintiffs have initiated this action to secure the interests of justice, and receive compensation for their damages which were caused by the U.S. Government and the other Defendants.

29.  In this respect, Plaintiffs have met all of the statutory requirements under the Federal Tort Claims Act, and they have filed their claim in a concise manner, on a timely basis, and with the correct governmental authorities.

### THIRD CAUSE OF ACTION
### Claim Number Three (Breach of Contract)

30.  Plaintiffs adopt all of the statements and allegations contained in the foregoing paragraphs as though fully rewritten herein.

31.  Plaintiffs further state that prior to the fire described hereinabove, they met with the U.S. Government and the U.S. Government's representative wanted to replace the jagged boundary line between Plaintiffs' property and the property of the U.S. Government with a straight property line. Permission was given to survey the land so that a straight line could be mapped, and the parties agreed to convey to each other by deed the parcels of land required to create a straight and readily identifiable property line.

32.  As consideration for agreeing to the property exchange, and for permitting governmental representatives access to Plaintiffs' property, the U.S. Army promised Defendants that fencing would be installed, which fencing was to cost approximately Three Hundred Thousand Dollars ($300,000.00), and run along the entire boundary line between Plaintiffs' ranch and Camp Guernsey.

33.  However, the U.S. Government reneged on its obligation to build a boundary line fence and in doing so breached its contract with Plaintiffs causing Plaintiffs to suffer not less than Three Hundred Thousand Dollars ($300,000) in damages.

**WHEREFORE**, Plaintiffs respectfully pray for the following:

A.  That the Court determines that their claim(s) is/are valid;

   i.  The first claim for the loss of cattle, feed, and personal property;

   ii. The second claim for the loss to the real property consisting of timber and grazing land;

   iii. That the claims be determined to be in excess of Six Million, Seven Hundred Seventy-Three Thousand, Seven Hundred Three Dollars ($6,773,703.00);

B.  For damages in excess of Three Hundred Thousand Dollars ($300,000.00), the breach of contract caused by the U.S. Government in not providing fencing along the property line separating Camp Guernsey from the Plaintiffs' property as was promised by the U.S. Government.

C.  For attorneys' fees, court costs, and such other, further, and equitable relief which is just and proper under the circumstances.

D.    For interest retroactive to the date of the loss, which date is July 15, 2012, through the date payment is received.

Respectfully submitted this 23rd day of February, 2015.

                **KEVIN ROTHSCHILD, SUSAN ROTHSCHILD, and BULLS BEND RANCH, LLLP, Plaintiffs,**

By: _____
John M. Kuker, #6-3451
Scott A. Homar, #6-3092
Jeffrey M. Boldt, #7-4730
THE KUKER GROUP LLP
Attorneys-at-Law
508 East Eighteenth Street
Cheyenne, Wyoming 82001
307.274.4444 telephone
307.274.4443 facsimile
john@kukerlaw.com
jeffrey@kukerlaw.com
*Attorneys for Plaintiffs*