John M. Kuker, #6-3451
Scott A. Homar, #6-3092
Jeffrey M. Boldt, #7-4730
THE KUKER GROUP LLP
Attorneys-at-Law
2122 Warren Avenue
Cheyenne, Wyoming 82001
(307) 274-4444 telephone
(307) 274-4443 facsimile
Email: www. kukergroup.com

Marvin A. Robon (0000664)
Zachary J. Murry (0087421)
BARKAN & ROBON, LTD.
1701 Woodlands Drive
Suite 100
Maumee, Ohio 43537
(419) 897-6500 telephone
(419) 897-6200 facsimile
Email: mar.br@bex.net
        zmurry@barkan-robon.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| KEVIN ROTHSCHILD, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 2:15-cv-00030-ABJ <br><br> Hon. Judge Alan B. Johnson <br><br> Magistrate Judge Kelly H Rankin |

**PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Now Come the Plaintiffs, by and through their undersigned counsel and hereby move this Honorable Court for an Order Compelling Defendant United States of America to produce unredacted copies of certain documents produced during the course of discovery in this matter. Specifically, in responding to Plaintiffs' First Requests for the Production of Documents, Defendant produced redacted copies of memoranda and reports surrounding the Army's investigation into the wildfire that serves as the basis for Plaintiffs claims. Per the privilege log produced by Defendant, these documents were redacted under claims of "deliberative process" and "privileged safety information" privileges. A copy of the Privilege Log is attached hereto as Exhibit 1.

As discussed in detail in the following Memorandum of Points and Authorities supporting Plaintiffs' Motion, Plaintiffs believe that the Defendant's assertion of privilege to prevent discovery of the complete and unredacted documents is inappropriate and that, given the affirmative defenses asserted by Defendant in this case, Plaintiffs are entitled to a full and complete production. Counsel certifies that, prior to filing this Motion, they complied with Federal Rule of Civil Procedure 37(a)(1) and attempted to amicably resolve this discovery dispute in good faith by sending a letter to opposing counsel on November 9, 2015, detailing the basis for their request that unredacted copies of the documents be produced. A copy of the letter is attached hereto as Exhibit 2. Defendant responded to Plaintiff's letter on November 17, 2015. A copy of the letter is attached hereto as Exhibit 3. In addition, Plaintiffs have fully complied with Loc.R. 7.1(b)(1)(A) as Plaintiff counsel engaged in telephonic discussions with opposing counsel on January 19, 2016, in an attempt reach a suitable compromise on this matter. The parties made further efforts to resolve this dispute through informal discussions held with Magistrate Rankin on January 22, 2016. Unfortunately, the parties have been unable to resolve

2

this issue and intervention by the Court is necessary to compel Defendant to produce these critical documents.  Accordingly, Plaintiff counsel sought, and received, leave to file the present Motion.

WHEREFORE, Plaintiffs request that the Court issue an order compelling Defendant to produce unredacted copies of the following documents (identified by bates no):

1. PrivDocs00001-00008;

2. Respto1stRFP00001-00002;

3. Respto1stRFP00007;

4. Respto1stRFP00009-00010; and

5. Respto1stRFP00014-00020.

DATED this 22nd day of January, 2016.              Respectfully Submitted,

BARKAN & ROBON, LTD.

By:     */s/Zachary J. Murry*
              Marvin A. Robon (0000664), *phv*
              Zachary J. Murry (0087421), *phv*

*Attorneys for Plaintiffs*

3

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL

### I.    INTRODUCTION

As this Court is aware, Plaintiffs' claims in this case arise from damages incurred as a result of the 2012 sawmill canyon fire.  This fire decimated Plaintiffs' property resulting in damages in excess of $2 million.  Plaintiffs initiated this suit under the Federal Tort Claims act to seek recovery from the United States for its agents' negligent conduct in starting the fire.  In proving their case against the government, Plaintiffs must prove both liability and damages.  The materials withheld by Defendant, in the form of the redacted portions of numerous reports, go directly to the issue of liability in this case.  These redacted materials contain information gleaned in the immediate aftermath of the fire and are not obtainable through any other source. In refusing to produce this information Defendant, without legal basis, has sought to materially hinder Plaintiffs' ability to prove their case.  While Plaintiffs' counsel generally refrains from seeking judicial involvement in discovery disputes, an order compelling the Defendant to produce the withheld discovery is absolutely necessary in this case to assist Plaintiffs in their search for the truth.

### II.    LAW AND ARGUMENT

#### A.    Plaintiffs seek Production of Relevant and Discoverable Evidence

In filing the present Motion to Compel, Plaintiffs are seeking critical information relating to the fire that gave rise to their claims as well as information directly relating to the issue of Defendant's liability in starting the fire.  The redacted "conclusions and recommendations" of the various parties charged with investigating the events surrounding the sawmill canyon fire in its immediate aftermath are highly relevant.  First, the close temporal proximity of the investigations to the fire provides a perspective that, more than three (3) years later, Plaintiffs

simply cannot hope to recreate or obtain from any other source.  Second, and most importantly, the conclusions and recommendations go directly to the applicability of the "discretionary function" affirmative defense asserted by the Defendant.  The redacted conclusions and recommendations of the investigators likely address the issues of the negligence of the members of the Colorado National Guard in causing the fire and any actions by these individuals in violation of specific and direct orders, procedures, and/or protocols.

> As established by Fed.R.Civ.P. 26(b):

> [p]arties may obtain discovery of any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*Id*.   In analyzing the practical application of Rule 26, courts in the Tenth Circuit have consistently held that "relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."  *G.D. v. Monarch Plastic Surgery, P.A.*, 239 F.R.D. 641, 644 (D. Kan. 2007) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

The redacted materials withheld by Defendant are relevant to the central claims and defenses asserted by the parties in this case.  As "[t]he decision to grant a motion to compel is a matter of discretion for the court," good cause exists for this Court to exercise its discretion in this matter and order the complete and unredacted production of the Defendant's post-fire investigation reports.  *Id*.  (citing *Martinez v. Schock Transfer & Warehouse Co.*, 789 F.2d 848, 850 (10th Cir. 1986)).

**B.**     **Defendant Cannot Clothe Itself in the Deliberative Process Privilege[1] to Prevent Disclosure of the Unredacted Reports and the Critical Information Contained Therein.**

The deliberative process privilege "covers documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which governmental decisions and policies are formulated." *Keenan v. Colorado Dep't of Human Servs.*, No. 05 CV 01933, 2006 WL 3469518, at *1 (D. Colo. Nov. 30, 2006) (quoting *DOI v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001). In determining the applicability of the deliberative process privilege "[t]he burden of justifying the application of the governmental deliberative process privilege rests with the party seeking to invoke it." *Pac. Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128, 133 *modified on reconsideration*, 71 Fed. Cl. 205 (2006) (quoting *Kaufman v. City of New York*, No. 98CIV.2648(MJL)(KNF), 1999 WL 239698, at *4 (S.D.N.Y. Apr. 22, 1999). "Like all evidentiary privileges that derogate a court's inherent power to compel the production of relevant evidence, the deliberative process privilege is narrowly construed." *Id.* (*quoting Greenpeace v. Nat'l Marine Fisheries Serv.*, 198 F.R.D. 540, 543 (W.D. Wash. 2000)).

In this case, the United States cannot meet its burden and maintain its claim of privilege as:

a) The Defendant did not properly invoke the deliberative process privilege; and

b) The need for the evidence overrides the any confidentiality concerns.

As such, the Court should order Defendant to produce unredacted copies of the requested documents.

---

[1] Defendant has also asserted that some of the redacted reports are "privileged safety information" pursuant to Army Regulation 385-10. However, in both sum and substance, this privilege is identical to the deliberative process privilege in every regard and subject to the same analysis by this Court. Accordingly, and in the interest of brevity, counsel's argument will refer to the privilege asserted by Defendant as to the requested materials as the "deliberative process privilege".

i.   Defendant has not Properly Invoked the Deliberative Process Privilege in this Case.

It is well-settled that, "[w]hen a request for relevant documents or information is made, a claim of privilege should be interposed judiciously and not casually." *Lee v. Developers Diversified Realty Corp.*, No. CIV.A. 9-210, 2009 WL 1392261, at *1 (W.D. Pa. May 15, 2009) (*quoting U.S. v. O'Neill*, 619 F.2d 222, 225 (3d Cir.1980)).   Accordingly, courts have established specific procedural prerequisites that must be satisfied prior to invoking a deliberative process privilege claim:

> (1) the head of the department which has control over the matter must make a formal claim of privilege after actually considering the matter; (2) the responsible agency official must provide precise and certain reasons for asserting the privilege over the government information or documents at issue; and (3) the government information or documents sought to be shielded from disclosure must be identified and described.

*U.S. v. Pechiney Plastics Packaging, Inc.*, No. CIV.A. 09-5692 PGS, 2013 WL 1163514, at *13 (D.N.J. Mar. 19, 2013) (citing *U.S. v. Ernstoff*, 183 F.R.D. 148, 152 (D.N.J.1998)).

In this case, Defendant has failed to fulfill these threshold obligations.   The privilege claim was asserted by defense counsel and not the "department head having control over the matter."   As noted by the Court of Claims in its decision in *Pacific Gas & Electric Co.*:

> Many courts have found that the deliberative process privilege may not be asserted by government counsel. . . . In this circuit, invocation of the privilege by government counsel has been found to be appropriate [only] where the counsel holds "a senior position within the Agency and is responsible for planning, administering and evaluating the Agency's disclosure policies and procedures." . . . The Federal Circuit's approach in [*Marriott Int'l Resorts, L.P. v. U.S.*, 437 F.3d 1302 (Fed. Cir. 2006)] is consistent with the reasoning in other cases holding that **counsel are not permitted to invoke the privilege, that is, to ensure that the privilege is invoked as a result of an executive decision about the exigencies of executive management, rather than as a result of trial counsel's decision about a desirable litigation strategy.**

*Id*. at 135 (internal citations omitted) (emphasis added).

7

Defendant has failed to clear the initial procedural hurdle in invoking the deliberative process privilege in this case and its attempt to prevent production of the unredacted documents is clearly a result of its litigation strategy rather than "an executive decision about the exigencies of executive management."  Moreover, in its claim of privilege, the Defendant has asserted no "precise or certain reasons" for its applicability; instead simply stating that the redacted portions of the documents were privileged because they contained conclusions and recommendations.  By failing to comply with these procedural requirements "the court could [and should] summarily reject all claims of privilege."  *In re Dep't of Energy Stripper Well Exemption Litig.*, No. CIV.A. 78-1513, 1988 WL 877684, at *5 (D. Kan. Sept. 27, 1988) (citing *Lundy v. Interfirst Corp*., 105 F.R.D. 499, 504 (D.D.C. 1985) ("The Court further notes that because these privileges obstruct the search for truth and because their benefits are indirect and speculative, they must be strictly construed.")).

In addition, as the Defendant failed to adhere to the strict requirements necessary to properly invoke a claim for deliberative process privilege by not producing appropriate affidavits by the head of the applicable department or agency at the time that the allegedly privileged documents were produced, Defendant should not now be permitted to correct this defect in response to this Motion.  Courts have consistently refused to permit the government to retroactively correct its failure to appropriately assert the deliberative process privilege through the filing of *post hoc* affidavits secured in response to a motion to compel.  For example, in addressing this specific issue, the U.S. District Court for the Southern District of Indiana noted:

> the time to make the showing that certain information is privileged is at the time the privilege is asserted, not months later when the matter is before the Court on a motion to compel. This requirement is to allow parties to try and resolve discovery disputes prior to Court intervention.

*Anderson v. Marion County Sheriff's Dep't*, 220 F.R.D. 555, 562 n. 5 (S.D.Ind. 2004); *see also Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D.Cal. 1992) (examining the similar "official information" government privilege and stating that "the party must submit, at the time it files and serves its response to the discovery request, a declaration or affidavit, under oath or subject to the penalty of perjury, from the head of the department which has control over the matter"); *Pacific Gas & Elec. Co. v. United States*, 71 Fed.Cl. 205, 208 (Fed.Cl. 2006) (practice of providing affidavits only in response to motion to compel found "to be 'procedurally deficient,' thereby eroding the credibility of defendant's claim of the privilege."). As such, the Court should not permit Defendant to "take another bite at the apple" of attempting to assert privilege over the documents sought through the late filing of self-serving affidavits produced in response to Plaintiffs' Motion. The Court should grant Plaintiffs' Motion and order Defendant to produce unredacted copies of the reports.

      ii.    <u>Even if the Deliberative Process Privilege were Applicable and Properly Invoked, Plaintiffs are Still Entitled to Disclosure of the Unredacted Documents.</u>

Even assuming, *arguendo*, that Defendant were entitled to prevent disclosure of the unredacted reports on the basis of the deliberative process privilege, Plaintiffs are still entitled to these documents as the need for this critical evidence far outweighs any confidentiality concerns on the part of the Defendant. *See e.g., Keenan, supra*, at *2 (citing *Center for Biological Diversity v. Norton*, 336 F.Supp.2d 1155, 1161 (D.N.M.2004)). In balancing the need for confidentiality against Plaintiffs' need for this evidence, the Court should consider:

> (1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplative policies and decisions.

*Id*. In addition, "if governmental misconduct in the deliberative process is at issue, many courts find this to weigh in favor of overriding the privilege under the preceding factors." *Id*. (citing *United States v. Board of Educ.*, 610 F.Supp. 695, 700 (N.D.Ill. 1985), which allowed discovery of deliberative process because "the decision making process is not 'swept up into' the case, it is the case").

In this case, the redacted portions of the documents contain critical relevant evidence. The primary issue in this case is whether members of the Colorado National Guard acted negligently during the course of their explosives training and the role of that negligent conduct in the genesis of the sawmill canyon fire that damaged Plaintiffs' property. In addition, Defendant has asserted an affirmative defense that any activities giving rise to the fire were the result of a discretionary function of its agents. These investigations were conducted in the immediate aftermath of the conduct and resulting fire for the purpose---per Defendant's admission in its November 17, 2015, Letter---of inquiry into the conduct of the National Guard members in starting the fire and whether discipline was warranted, **i.e. whether the Defendant's agents acted in violation of their Orders and outside their respective discretionary authority**. Thus, the redacted portions of the reports contain material evidence, including potential admissions by the Defendant, as to the nature and scope of its agents and by extension its own, liability in this case. Plaintiffs cannot gather this information from any other source. Moreover, allowing Defendant's privilege claim to stand will further hamper Plaintiffs in their ability to prove their case as Plaintiffs will likely face the same objection from defense counsel when inquiring into the conclusions of the investigators during deposition. Accordingly, the redacted conclusions and recommendations withheld by the Defendants are not just "swept up into the case," they are the case.

The Court should grant Plaintiffs' Motion and order Defendant to produce unredacted copies of the reports.

## III.    CONCLUSION

As detailed above, Defendant lacks any basis to withhold relevant and discoverable material from the Plaintiffs in this case on the basis of the deliberative process privilege. Defendant failed to adhere to the strict procedural requirements prerequisite to the assertion of this privilege and the materials sought are critical to this case, with Plaintiffs' need far outweighing the Defendant's confidentiality concerns.  Furthermore, the Plaintiffs have no issue with entering into a protective order with Defendant to limit the use of the documents and prevent any public dissemination of these materials to further minimize any confidentiality concerns.  On the basis of the foregoing, the Court should grant Plaintiffs' Motion and issue an order compelling Defendant to produce unredacted copies of the following documents (identified by bates no):

1.  PrivDocs00001-00008;

2.  Respto1stRFP00001-00002;

3.  Respto1stRFP00007;

4.  Respto1stRFP00009-00010; and

5.  Respto1stRFP00014-00020.

DATED this 22nd day of January, 2016.          Respectfully Submitted,


BARKAN & ROBON, LTD.

By:    _/s/Zachary J. Murry_
          Marvin A. Robon (0000664), *phv*
          Zachary J. Murry (0087421), *phv*

*Attorneys for Plaintiffs*

11

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing *Plaintiffs' Motion to Compel Discovery and Memorandum of Points and Authorities in Support Thereof* was served on this 22nd day of January 2016, by operation of the Court's ECF system, represented parties will receive notice of this filing and may access it through operation of that system.

By:    */s/ Zachary J. Murry*
Zachary J. Murry (0087421), *pro hac vice*